UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------x

In the Matter of the Arbitration Between:

ROBERT NICHOLAS ROTUNNO,

Petitioner,

- against -

LAIDLAW & COMPANY (UK) LTD,

Respondent.

----------------------------------------------------------x

**PETITION FOR AN
ORDER CONFIRMING
<u>ARBITRATION AWARD</u>**

Case No. 21-7521

## <u>NATURE OF THE ACTION</u>

1.      Pursuant to Section 9 of the Federal Arbitration Act, 9 U.S.C. § 9, Petitioner Robert Nicholas Rotunno ("Rotunno" or "Petitioner"), by his attorneys, Warren Law Group, petitions this Court for an Order confirming the Arbitration Award (the "Arbitration Award"), dated June 17, 2021 in favor of the Petitioner, made by an arbitrator for the Financial Industry Regulatory Authority (the "FINRA Arbitrator") after an evidentiary hearing.

2.      Subject to confirmation by the Court, the FINRA Arbitrator in the Arbitration Award recommends that the Central Registration Depository ("CRD") expunge any record pertaining to Occurrence Numbers 1401393, 1444983, 1595520, 1678699, 1692591, 1889483, 1929252, 1933055, 2010578, and 2037414,  from the CRD records of Rotunno (CRD# 4025263). Pursuant to FINRA Rule 2080, Petitioner must obtain confirmation of the Arbitration Award by a court of competent jurisdiction to complete the expungement.

## <u>PARTIES</u>

3.      Petitioner Robert Nicholas Rotunno is an individual currently residing at 350 E. 79th Street, Apt. 21A, New York, New York 10075.

1

4.      Respondent Laidlaw & Company (UK) Ltd.  ("Respondent") is named in this action solely as a nominal respondent, as it was named as a party in the underlying FINRA Arbitration, as defined below.

## JURISDICTION AND VENUE

5.      This Court has jurisdiction over this matter pursuant to the Federal Arbitration Act, 9 U.S.C. § 9.

6.      Venue is properly laid with the United States District Court for the Southern District of New York pursuant to the Federal Arbitration Act, 9 U.S.C. § 9 and 28 U.S.C. § 1391.

## BACKGROUND

7.      On or about July 4, 2020, Rotunno filed a Statement of Claim and commenced a Financial Industry Regulatory Authority arbitration proceeding (the "FINRA Arbitration"). Petitioner subsequently filed an Amended Statement of Claim on or about July 30, 2020, which sought expungement of occurrence numbers 1401393, 1444983, 1595520, 1692591, 1889483, 2037414, 1929252, 1933055, 2010578, 1678699 (collectively, the "Occurrences") from his CRD pursuant to FINRA Rule 2080(b)(1)(C).

8.      An evidentiary hearing (the "Hearing") was held before a FINRA arbitrator on May 25, 2021 and May 26, 2021.

9.      On or about June 17, 2021, the FINRA arbitrator issued their decision recommending the expungement of all references to the Occurrences from Rotunno's registration records maintained by the CRD. In recommending expungement, the FINRA

arbitrator made the following specific findings of fact within said decision:

- Regarding occurrence 1401393, "Expungement findings that the claims, allegations or information are false related to unauthorized trading and unauthorized use of margin, in this instance, is based upon the unrefuted testimony of Claimant."

- Regarding occurrence 1444983, Expungement findings that the claims, allegations or information related to inappropriate commissions and fee activity in the customer's account are false, in this instance, is based upon the unrefuted testimony of Claimant."

- Regarding occurrence 1595520, "Expungement findings that the claims, allegations or information related to unsuitability, misrepresentation, omission, breach of contract and breach of fiduciary duty are false, in this instance, is based upon the unrefuted testimony of Claimant."

- Regarding occurrence 1692591, "Expungement findings that the claims, allegations or information related to unsuitability are false, in this instance, is based upon the unrefuted testimony of Claimant."

- Regarding occurrence 1889483, "Expungement findings that the claims, allegations or information related to churning and unsuitability are false, in this instance, is based upon the unrefuted testimony of Claimant"

- Regarding occurrence 2037414, "Expungement findings that the claims, allegations or information related to unsuitability of private placement investments are false, in this instance, is based upon the unrefuted testimony of Claimant."

- Regarding occurrence 1929252, "Expungement findings that the claims, allegations or information related to excessive trading and unsuitability are not applicable because Claimant was not involved in the alleged investment-related sales practice violation, in this instance, is based upon the unrefuted testimony of Claimant."

- Regarding occurrence 1933055, "Expungement findings that the claims, allegations or information related to overconcentration and unsuitability in relation to private placement investments are not applicable because Claimant was not involved in the alleged investment-related sales practice violation, in this instance, is based upon the unrefuted testimony of Claimant."

- Regarding occurrence 2010578, "Expungement findings that the claims, allegations or information related to excessive trading and unsuitability in relation to stock and private placement investments are not applicable because Claimant was not involved in the alleged investment-related sales practice violation, in this instance, is based upon the unrefuted testimony of Claimant."

- Regarding occurrence 1678699, "Expungement findings that the claims, allegations or information related to excessive trading/churning, breach of fiduciary duty, negligent misrepresentation, and breach of contract in relation to equity stock are factually impossible or clearly erroneous, in this instance, is based upon the unrefuted testimony of Claimant."

A true and correct copy of the Arbitration Award attached hereto as **Exhibit A**.

10.     FINRA Rule 2080 requires that "persons petitioning a court for expungement relief or seeking judicial confirmation of an arbitration award containing expungement relief must name FINRA as an additional party and serve FINRA with all appropriate documents unless this requirement is waived."

11.     On or about September 2, 2021, an analyst of the FINRA Credentialing, Registration, Education and Disclosure Department granted the request for a waiver of the requirement to name FINRA as an additional party to a petition brought by Rotunno seeking judicial confirmation of the Arbitration Award, pursuant to FINRA Rule 2080(b)(1). A true and correct copy of the letter is attached hereto as **Exhibit B**.

### CLAIM FOR RELIEF
### (Confirmation of Arbitration Award)

12.     Petitioner repeats and realleges each and every allegation contained in the above paragraphs, inclusive, and incorporates them hereby by reference.

13.     Pursuant to 9 U.S.C. § 9, this Petition is timely brought within one year of the delivery of the Arbitration Award to Petitioner.

14.     The Arbitration Award has not been vacated, modified or corrected by order of any court of competent jurisdiction and is still in full force and effect.

15.     Pursuant to 9 U.S.C. § 9, Petitioner is entitled to a judgment confirming the Arbitration Award recommending the expungement of all references to the Occurrences from Rotunno's registration records maintained by the CRD.

      **WHEREFORE**, Petitioner respectfully requests that this Court enter an Order confirming the Arbitration Award and directing FINRA to execute the arbitrator's expungement directive removing all references to the Occurrences from the CRD records of Petitioner.

Dated:   New York, New York
          September 8, 2021

                                        **WARREN LAW GROUP**

                                        _____
                                        Christopher D. Warren (CW3630)
                                        *Attorneys for Petitioner*
                                        Robert Nicholas Rotunno
                                        112 W 34th Street, 17th Floor
                                        New York, NY 10120
                                        Tel No.: (212) 580-2303
                                        E-mail: chris@warren.law

# EXHIBIT "A"

**Award**
**FINRA Dispute Resolution Services**

---

In the Matter of the Arbitration Between:

Claimant                                        Case Number: 20-02119
Robert Nicholas Rotunno

     vs.

Respondent                                      Hearing Site: New York, New York
Laidlaw & Company (UK) Ltd.

---

Awards are rendered by independent arbitrators who are chosen by the parties to issue final, binding decisions. FINRA makes available an arbitration forum—pursuant to rules approved by the SEC—but has no part in deciding the award.

Nature of the Dispute: Associated Person vs. Member

The evidentiary hearing was conducted by videoconference.

## REPRESENTATION OF PARTIES

For Claimant Robert Nicholas Rotunno: Christopher D. Warren, Esq. and John Jorge Aras, Esq., Warren Law Group, New York, New York.

For Respondent Laidlaw & Company (UK) Ltd.: Charles Smulevitz, Laidlaw & Company (UK) Ltd., New York, New York.

## CASE INFORMATION

Statement of Claim filed on or about: July 4, 2020.
Amended Statement of Claim filed on or about: July 30, 2020.
Robert Nicholas Rotunno signed the Submission Agreement: July 4, 2020.

Statement of Answer filed by Respondent on or about: October 6, 2020.
Laidlaw & Company (UK) Ltd. signed the Submission Agreement: October 6, 2020.

## CASE SUMMARY

In the Amended Statement of Claim, Claimant asserted a claim seeking expungement of customer dispute information from registration records maintained by the Central Registration Depository ("CRD").

In the Statement of Answer, Respondent did not contest Claimant's expungement request.

## RELIEF REQUESTED

In the Amended Statement of Claim, Claimant requested: expungement of Occurrence Numbers 1401393, 1444983, 1595520, 1678699, 1692591, 1889483, 1929252, 1933055, 2010578 and 2037414; compensatory damages in the amount of $1.00 from Respondent; and any and all other relief that the Arbitrator deems just and equitable.

In the Statement of Answer, Respondent denied any request for monetary compensation.

## OTHER ISSUES CONSIDERED AND DECIDED

The Arbitrator acknowledges having read the pleadings and other materials filed by the parties.

Claimant filed a Statement of Claim on July 4, 2020 and an Amended Statement of Claim on July 30, 2020. The original Statement of Claim filed on July 4, 2020 was not served on the Respondent and therefore not considered by the arbitrator.

On March 5, 2021 and April 28, 2021, Claimant advised that the customers in Occurrence Numbers 1401393, 1444983, 1595520, 1678699, 1692591, 1889483, 1929252, 1933055, 2010578 and 2037414 were served with the Statement of Claim and notice of the date and time of the expungement hearing.

The Arbitrator conducted a recorded hearing by videoconference on May 25, 2021 and May 26, 2021, so the parties could present oral argument and evidence on Claimant's request for expungement.

Respondent did not participate in the expungement hearing and as stated in the Statement of Answer did not oppose the request for expungement.

The customers related to Occurrence Numbers 1401393, 1444983, 1595520, 1678699, 1692591, 1889483, 1929252, 1933055, 2010578 and 2037414 did not participate in the expungement hearing. The Arbitrator found that the customers had notice of the expungement request and hearing.

The Arbitrator reviewed Claimant's BrokerCheck® Report. The Arbitrator noted that a prior arbitration panel or court did not previously rule on expungement of the same occurrences in the CRD.

The Arbitrator also reviewed the settlement documentation related to Occurrence Numbers 1444983, 1595520, 1692591, 1929252, 1933055, 2010578 and 2037414, considered the amount of payment made to any party to the settlements, and considered other relevant terms and conditions of the settlements. The Arbitrator noted that the settlements were not conditioned on any party to the settlements not opposing the expungement request and that Claimant did not contribute to the settlement amounts.

The Arbitrator also reviewed the settlement documentation related to Occurrence Numbers 1889483; 1678699 and 1401393, considered the amount of payment made to any party to the settlements, and considered other relevant terms and conditions of the settlements. The Arbitrator noted that the settlements were not conditioned on any party to the settlements not

opposing the expungement request. The Arbitrator noted that although Claimant's BrokerCheck® Report indicated that he contributed to the settlement amounts, Claimant testified that he was not involved in the settlement negotiations and did not personally write a check to contribute to the settlements, therefore, expungement is still appropriate.

In recommending expungement, the Arbitrator relied upon the following documentary or other evidence: the pleadings; Claimant's testimony; Claimant's BrokerCheck® Report; settlement agreements; and the exhibits.

## AWARD

After considering the pleadings, the testimony and evidence presented at the expungement hearing, the Arbitrator has decided in full and final resolution of the issues submitted for determination as follows:

1. Claimant's claim for $1.00 in compensatory damages is granted.

2. The Arbitrator recommends the expungement of all references to Occurrence Number 1401393 from registration records maintained by the CRD for Claimant Robert Nicholas Rotunno (CRD Number 4025263) with the understanding that, pursuant to Notice to Members 04-16, Claimant Robert Nicholas Rotunno must obtain confirmation from a court of competent jurisdiction before the CRD will execute the expungement directive.

   Unless specifically waived in writing by FINRA, parties seeking judicial confirmation of an arbitration award containing expungement relief must name FINRA as an additional party and serve FINRA with all appropriate documents.

   Pursuant to Rule 13805 of the Code of Arbitration Procedure ("Code"), the Arbitrator has made the following Rule 2080 affirmative finding of fact:

      The claim, allegation, or information is false.

   The Arbitrator has made the above Rule 2080 finding based on the following reasons:

      Expungement findings that the claims, allegations or information are false related to unauthorized trading and unauthorized use of margin, in this instance, is based upon the unrefuted testimony of Claimant. Claimant provided credible testimony that he did not execute any trades for this customer and was not his representative, although he did review customer's account, after the customer's assigned representative left the company. This occurred around 2008 when the financial markets were very volatile. Claimant testified that he told the customer that selling calls would likely result in losses and is not recommended. The customer's allegations regarding unsuitability were inconsistent with the customer having to go through many levels of broker assessment of his financial position, as well as approvals to have a margin account. The customer was engaged in aggressive trading on his own initiative and was experiencing losses, according to Claimant. The customer later contacted Claimant, apologized for filing the complaint against him, and sought to have Claimant represent him again. Claimant testified that he declined the request. Claimant testified that he was not involved in the

settlement negotiations and did not personally write a check to contribute to the
settlement of this customer claim.

3. The Arbitrator recommends the expungement of all references to Occurrence Number
1444983 from registration records maintained by the CRD for Claimant Robert Nicholas
Rotunno (CRD Number 4025263) with the understanding that, pursuant to Notice to
Members 04-16, Claimant Robert Nicholas Rotunno must obtain confirmation from a court of
competent jurisdiction before the CRD will execute the expungement directive.

Unless specifically waived in writing by FINRA, parties seeking judicial confirmation of an
arbitration award containing expungement relief must name FINRA as an additional party
and serve FINRA with all appropriate documents.

Pursuant to Rule 13805 of the Code of Arbitration Procedure ("Code"), the Arbitrator has
made the following Rule 2080 affirmative finding of fact:

The claim, allegation, or information is false.

The Arbitrator has made the above Rule 2080 finding based on the following reasons:

Expungement findings that the claims, allegations or information related to inappropriate
commissions and fee activity in the customer's account are false, in this instance, is based
upon the unrefuted testimony of Claimant. Claimant provided credible testimony that he
did not execute any trades for this customer or discuss with the customer any trading
activity. Claimant indicated that he did speak with this customer, from time-to-time, about
a previous private placement investment which was not made by Claimant. Claimant
indicated that the customer received numerous documents confirming trades made and
commissions on said trades, in addition to his monthly account statements. Claimant was
informed of the customer complaint by his employer and was aware of the settlement,
although Claimant did not contribute to the settlement and did not understand at the time
that the complaint would appear on his BrokerCheck® Report. Claimant stated that this
customer complaint does not appear on the BrokerCheck® Report of his boss who actually
handled this customer's account.

4. The Arbitrator recommends the expungement of all references to Occurrence Number
1595520 from registration records maintained by the CRD for Claimant Robert Nicholas
Rotunno (CRD Number 4025263) with the understanding that, pursuant to Notice to
Members 04-16, Claimant Robert Nicholas Rotunno must obtain confirmation from a court of
competent jurisdiction before the CRD will execute the expungement directive.

Unless specifically waived in writing by FINRA, parties seeking judicial confirmation of an
arbitration award containing expungement relief must name FINRA as an additional party
and serve FINRA with all appropriate documents.

Pursuant to Rule 13805 of the Code of Arbitration Procedure ("Code"), the Arbitrator has
made the following Rule 2080 affirmative finding of fact:

The claim, allegation, or information is false.

The Arbitrator has made the above Rule 2080 finding based on the following reasons:

Expungement findings that the claims, allegations or information related to unsuitability, misrepresentation, omission, breach of contract and breach of fiduciary duty are false, in this instance, is based upon the unrefuted testimony of Claimant.   The customer kept his accounts with Claimant's employer, even after the previously settled matter.  Claimant denied the allegations in his testimony, although he was part of the joint representation group that worked with the customer.  Claimant stated that, at the request of his boss/supervisor, he advised the customer about private placement investments which Claimant had not sold to him. Claimant stated that he provided all disclosures and other accurate information that was provided to him by his employer and in meetings with representatives of the private placement companies.  Claimant testified that the customer had to go through an extensive vetting process to ensure that the customer had the correct investment profile and net worth to invest in private placements.  The customer signed agreements for these investments and disclosure documents with Respondent, and not with Claimant. Claimant was not in a fiduciary relationship with the customer. Claimant was not named in the customer complaint and did not contribute to Respondent's settlement with the customer.

5.  The Arbitrator recommends the expungement of all references to Occurrence Number 1692591 from registration records maintained by the CRD for Claimant Robert Nicholas Rotunno (CRD Number 4025263) with the understanding that, pursuant to Notice to Members 04-16, Claimant Robert Nicholas Rotunno must obtain confirmation from a court of competent jurisdiction before the CRD will execute the expungement directive.

Unless specifically waived in writing by FINRA, parties seeking judicial confirmation of an arbitration award containing expungement relief must name FINRA as an additional party and serve FINRA with all appropriate documents.

Pursuant to Rule 13805 of the Code of Arbitration Procedure ("Code"), the Arbitrator has made the following Rule 2080 affirmative finding of fact:

The claim, allegation, or information is false.

The Arbitrator has made the above Rule 2080 finding based on the following reasons:

Expungement findings that the claims, allegations or information related to unsuitability are false, in this instance, is based upon the unrefuted testimony of Claimant.  Claimant provided detailed and credible testimony regarding these customers.  Claimant stated he was part of a joint representation group that advised the customers.  However, he did not execute trades for them but other representatives in his group did.  Claimant testified that the customers were high net worth and were vetted extensively with respect to their suitability to invest.  Claimant advised the customers with respect to private placements, for which they were separately vetted and pre-qualified.  The customers completed disclosure paperwork regarding their suitability for investments and received all written disclosures and contracts which they signed. Claimant stated that customers were very successful with their investments and very happy, until the husband had a change in his business.  The customers suddenly needed cash and more liquidity and became

distressed that they could not sell private placement positions before the companies went public.  Claimant testified that Respondent arranged a settlement in which it purchased some of the customers' private placement positions for $325,000.00.  Claimant did not receive any of these investments and did not contribute to the settlement.  Claimant noted that although the customers worked with several representatives of Respondent who were in his joint representation group, the customer complaint was only on his BrokerCheck® Report and not on those of the other representatives of Respondent.

6.  The Arbitrator recommends the expungement of all references to Occurrence Number 1889483 from registration records maintained by the CRD for Claimant Robert Nicholas Rotunno (CRD Number 4025263) with the understanding that, pursuant to Notice to Members 04-16, Claimant Robert Nicholas Rotunno must obtain confirmation from a court of competent jurisdiction before the CRD will execute the expungement directive.

Unless specifically waived in writing by FINRA, parties seeking judicial confirmation of an arbitration award containing expungement relief must name FINRA as an additional party and serve FINRA with all appropriate documents.

Pursuant to Rule 13805 of the Code of Arbitration Procedure ("Code"), the Arbitrator has made the following Rule 2080 affirmative findings of fact:

The claim, allegation, or information is factually impossible or clearly erroneous; and the claim, allegation, or information is false.

The Arbitrator has made the above Rule 2080 findings based on the following reasons:

Expungement findings that the claims, allegations or information related to churning and unsuitability are false, in this instance, is based upon the unrefuted testimony of Claimant.  Claimant provided detailed and credible testimony regarding this customer apparently having mistakenly thought that Claimant represented him.  Claimant testified that he had left Respondent's employment when this complaint was filed and was notified by his then employer about the complaint.  Claimant stated he was baffled by the notice of a complaint from a customer whose name he did not recognize and who he does not recall ever interacting with.  Claimant noted that the customer was in a joint representation group that Claimant was a part of, although he never handled any matters for the customer.  Claimant testified that he hired an attorney to investigate and was told that the customer admitted to the attorney that he named Claimant by mistake.  Meanwhile, Respondent settled the case with the customer using an attorney to represent the entire group.  A settlement was paid that Claimant did not contribute money to personally.  However, Respondent did pay the attorney who represented the group of Respondent's employees named in complaint. Claimant testified that although he was no longer employed by Respondent, his then current employer required him to acknowledge the customer claim on his BrokerCheck® Report.

7.  The Arbitrator recommends the expungement of all references to Occurrence Number 2037414 from registration records maintained by the CRD for Claimant Robert Nicholas Rotunno (CRD Number 4025263) with the understanding that, pursuant to Notice to

Members 04-16, Claimant Robert Nicholas Rotunno must obtain confirmation from a court of competent jurisdiction before the CRD will execute the expungement directive.
Unless specifically waived in writing by FINRA, parties seeking judicial confirmation of an arbitration award containing expungement relief must name FINRA as an additional party and serve FINRA with all appropriate documents.

Pursuant to Rule 13805 of the Code of Arbitration Procedure ("Code"), the Arbitrator has made the following Rule 2080 affirmative finding of fact:

The claim, allegation, or information is false.

The Arbitrator has made the above Rule 2080 finding based on the following reasons:

Expungement findings that the claims, allegations or information related to unsuitability of private placement investments are false, in this instance, is based upon the unrefuted testimony of Claimant.  Claimant provided detailed and credible testimony regarding Respondent having put Claimant's name in his BrokerCheck® Report, as associated with the complaint, in error. Claimant didn't know or work with this customer and doesn't know the basis of the complaint which occurred two years after Claimant left Respondent's employment.

8. The Arbitrator recommends the expungement of all references to Occurrence Number 1929252 from registration records maintained by the CRD for Claimant Robert Nicholas Rotunno (CRD Number 4025263) with the understanding that, pursuant to Notice to Members 04-16, Claimant Robert Nicholas Rotunno must obtain confirmation from a court of competent jurisdiction before the CRD will execute the expungement directive.

Unless specifically waived in writing by FINRA, parties seeking judicial confirmation of an arbitration award containing expungement relief must name FINRA as an additional party and serve FINRA with all appropriate documents.

Pursuant to Rule 13805 of the Code of Arbitration Procedure ("Code"), the Arbitrator has made the following Rule 2080 affirmative finding of fact:

The registered person was not involved in the alleged investment-related sales practice violation, forgery, theft, misappropriation, or conversion of funds.

The Arbitrator has made the above Rule 2080 finding based on the following reasons:

Expungement findings that the claims, allegations or information related to excessive trading and unsuitability are not applicable because Claimant was not involved in the alleged investment-related sales practice violation, in this instance, is based upon the unrefuted testimony of Claimant.  Claimant provided detailed and credible testimony regarding the customer being a high net worth individual from the U.K. who worked as an executive in the technology industry.  The customer was part of the joint representation group with Claimant, but Claimant wasn't his personal representative.  The customer had a non-discretionary account, so he had to approve all trades in advance. Furthermore, the customer received trade confirmations and monthly statement disclosing all trades. The customer was an active and frequent trader who called Claimant's boss often.  The

customer was agitated if his stock was not increasing in value quickly and would want to sell the stocks if that was the case.   The customer was vetted for suitability and financial liquidity before he began investing in private placements.  The customer also signed contracts and disclosure statements related to private placement investments with Respondent.  Claimant gave the customer updates on his private placement investments. The customer never expressed any dissatisfaction with his investments when Claimant was working for Respondent.  Claimant had no further contact with customer once he left the employment of Respondent.  His new employer made him aware of the customer's complaint and wanted Claimant to acknowledge it. Claimant was not involved in settlement discussions, was not named in the customer complaint and didn't contribute to the settlement.  Claimant was denied the opportunity (by Respondent) to see any paperwork related to the customer complaint, until after he hired a lawyer.

9. The Arbitrator recommends the expungement of all references to Occurrence Number 1933055 from registration records maintained by the CRD for Claimant Robert Nicholas Rotunno (CRD Number 4025263) with the understanding that, pursuant to Notice to Members 04-16, Claimant Robert Nicholas Rotunno must obtain confirmation from a court of competent jurisdiction before the CRD will execute the expungement directive.

Unless specifically waived in writing by FINRA, parties seeking judicial confirmation of an arbitration award containing expungement relief must name FINRA as an additional party and serve FINRA with all appropriate documents.

Pursuant to Rule 13805 of the Code of Arbitration Procedure ("Code"), the Arbitrator has made the following Rule 2080 affirmative finding of fact:

The registered person was not involved in the alleged investment-related sales practice violation, forgery, theft, misappropriation, or conversion of funds.

The Arbitrator has made the above Rule 2080 finding based on the following reasons:

Expungement findings that the claims, allegations or information related to overconcentration and unsuitability in relation to private placement investments are not applicable because Claimant was not involved in the alleged investment-related sales practice violation, in this instance, is based upon the unrefuted testimony of Claimant. Claimant provided detailed and credible testimony regarding these were his customers and his name was on their account as their representative, but he only advised them on private placement investments.  The customers were part of a joint representation group within Respondent and relied on other representatives for advice on non-private placement investments.  They were high net worth investors, with an investment profile of high risk and speculation who had previous experience investing in private placements before becoming customers of Respondent. The customers did a lot of due diligence research before investing.  Claimant testified that the customers did have a high concentration in private placements, each of which investment they had to pre-qualify for, because they wanted substantial private placement investments.  Claimant gave the customers regular updates about their private placement positions, based upon information he was provided by Respondent and the companies invested in. Claimant stated that he provided all disclosures and other accurate information that was provided to him by his employer and in meetings with representatives of the private placement

companies.  Claimant testified that the customers had to go through an extensive vetting process to ensure that the customers had the correct investment profile and net worth to invest in private placements.  The customers signed agreements for these investments and disclosure documents with Respondent, and not with Claimant. Claimant was not in a fiduciary relationship with the customers.  Claimant was not named in the customer complaint and did not contribute to Respondent's settlement with the customers. Claimant had left Respondent's employment about two years prior to the customers filing a complaint. Claimant stated that the customers never expressed dissatisfaction with their investments while he was employed by Respondent.

10. The Arbitrator recommends the expungement of all references to Occurrence Number 2010578 from registration records maintained by the CRD for Claimant Robert Nicholas Rotunno (CRD Number 4025263) with the understanding that, pursuant to Notice to Members 04-16, Claimant Robert Nicholas Rotunno must obtain confirmation from a court of competent jurisdiction before the CRD will execute the expungement directive.

Unless specifically waived in writing by FINRA, parties seeking judicial confirmation of an arbitration award containing expungement relief must name FINRA as an additional party and serve FINRA with all appropriate documents.

Pursuant to Rule 13805 of the Code of Arbitration Procedure ("Code"), the Arbitrator has made the following Rule 2080 affirmative finding of fact:

The registered person was not involved in the alleged investment-related sales practice violation, forgery, theft, misappropriation, or conversion of funds.

The Arbitrator has made the above Rule 2080 finding based on the following reasons:

Expungement findings that the claims, allegations or information related to excessive trading and unsuitability in relation to stock and private placement investments are not applicable because Claimant was not involved in the alleged investment-related sales practice violation, in this instance, is based upon the unrefuted testimony of Claimant. Claimant provided detailed and credible testimony that the customers were briefly part of Claimant's joint representation group within Respondent.  The customers were high net worth investors, with the husband having been an oil industry executive. The customers had non-discretionary accounts and had to approve each trade. They also had margin accounts for which they had to prequalify, apply for separately, make and receive specific disclosure for, and sign margin account documents and agreements. The customers received confirmations of all their trades, as well as monthly account statements.  The customers used leverage in their account to purchase other investments. The customers were active traders who called Respondent's office frequently. Claimant noted that all margin accounts were supervised internally by Respondent.  The customers invested in a private placement offered by Respondent, although Claimant did not solicit the customers for this investment.  The customers had to be specifically accredited and sign a subscription agreement in order to invest in Respondent's private placement. Claimant did update customers about their private placement investment, based upon information provided to him by Respondent.  Claimant was not a manager with respect to the customers' private placement investment with Respondent. The Customers never expressed dissatisfaction with their investments while Claimant was with Respondent.

Claimant learned of the customers' complaint three years after he left Respondent's employment, from his then current employer who required Claimant to acknowledge the complaint on his BrokerCheck Report. Claimant testified that he was denied access to documents held by Respondent, upon learning of the customer complaint.  He didn't contribute to the settlement or participate in the negotiation of the settlement between Respondent and the customers.

11.  The Arbitrator recommends the expungement of all references to Occurrence Number 1678699 from registration records maintained by the CRD for Claimant Robert Nicholas Rotunno (CRD Number 4025263) with the understanding that, pursuant to Notice to Members 04-16, Claimant Robert Nicholas Rotunno must obtain confirmation from a court of competent jurisdiction before the CRD will execute the expungement directive.

Unless specifically waived in writing by FINRA, parties seeking judicial confirmation of an arbitration award containing expungement relief must name FINRA as an additional party and serve FINRA with all appropriate documents.

Pursuant to Rule 13805 of the Code of Arbitration Procedure ("Code"), the Arbitrator has made the following Rule 2080 affirmative finding of fact:

The claim, allegation, or information is factually impossible or clearly erroneous

The Arbitrator has made the above Rule 2080 finding based on the following reasons:

Expungement findings that the claims, allegations or information related to excessive trading/churning, breach of fiduciary duty, negligent misrepresentation, and breach of contract in relation to equity stock are factually impossible or clearly erroneous, in this instance, is based upon the unrefuted testimony of Claimant.  Claimant provided detailed and credible testimony regarding the customer being a part of Claimant's joint representation group within Respondent.  Claimant testified that the customer was a high net worth individual with an aggressive investment profile and who traded frequently. Claimant did not open the customer's account with Respondent.  The customer self-directed trades in his account and told his representative which trades to execute. Claimant testified that he never executed trades in this customer's accounts and was not this customer's assigned representative.  Claimant spoke to the customer one day when he overheard the office secretary repeatedly telling the customer that his assigned representative was not in the office.  Claimant took the call to see if he could assist the customer.  The customer was upset because the financial crisis of 2008 had impacted his investments and was stating that Respondent should have been aware that economic downturn was coming. Claimant tried to advise the customer of the best course of action, reiterating that he is not his assigned representative.  The customer was not accepting the advice Claimant was giving, so Claimant transferred the call to his branch manager. Claimant later learned that Respondent stopped returning the customer's complaint calls. The customer filed a complaint and named Claimant.  Claimant denied making any trades in the customer's account or that he had a contract with, or fiduciary obligation to, the customer.  Claimant stated that, although the signature looks similar to his, he does not recall signing the settlement agreement between the customer and Respondent.  He

also disputes having contributed $19,500.00 to the settlement as indicated by Respondent in Claimant's BrokerCheck® Report.

12.  Any and all claims for relief not specifically addressed herein are denied.

# FEES

Pursuant to the Code, the following fees are assessed:

## Filing Fees
FINRA Dispute Resolution Services assessed a filing fee* for each claim:

Initial Claim Filing Fee                                                          =$ 50.00

*The filing fee is made up of a non-refundable and a refundable portion.*

## Member Fees
Member fees are assessed to each member firm that is a party in these proceedings or to the member firm that employed the associated person at the time of the events giving rise to the dispute. Accordingly, as a party, Respondent Laidlaw & Company (UK) Ltd. is assessed the following:

Member Surcharge                                                          =$ 150.00

## Postponement Fees
Postponements granted during these proceedings for which fees were assessed or waived:

March 10-11, 2021, postponement requested by Claimant          =$   50.00
April 7-8, 2021, postponement requested by Claimant              =$   50.00
_____
Total Postponement Fees                                           =$   100.00

The Arbitrator has assessed the total postponement fees to Claimant.

## Last-Minute Cancellation Fees
Fees apply when a hearing on the merits is cancelled within ten calendar days before the start of a scheduled hearing session:

April 7-8, 2021, cancellation requested by Claimant               =$ 600.00
_____
Total Last-Minute Cancellation Fees                               =$ 600.00

The Arbitrator has assessed the total last-minute cancellation fees to Claimant.

## Hearing Session Fees and Assessments
The Arbitrator has assessed hearing session fees for each session conducted. A session is any meeting between the parties and the Arbitrator, including a pre-hearing conference with the Arbitrator, which lasts four (4) hours or less. Fees associated with these proceedings are:

FINRA Dispute Resolution Services
Arbitration No.  20-02119
Award Page 12 of 13

Two (2) pre-hearing sessions with a single Arbitrator @ $50.00/session   =$   100.00
Pre-Hearing Conference:  November 16, 2020       1 session
                       April 7, 2021               1 session

Three (3) hearing sessions on expungement request @ $50.00/session   =$   150.00
Hearings:               May 25, 2021          2 sessions
                       May 26, 2021          1 session

Total Hearing Session Fees   =$ 250.00

The Arbitrator has assessed the total hearing session fees to Claimant.

All balances are payable to FINRA Dispute Resolution Services and are due upon receipt.

## **ARBITRATOR**

Jill Pilgrim                                    -                Sole Public Arbitrator

I, the undersigned Arbitrator, do hereby affirm, pursuant to Article 7507 of the Civil Practice Law and Rules, that I am the individual described herein and who executed this instrument, which is my award.

**Arbitrator's Signature**


*Jill Pilgrim*                                                          06/17/2021
Jill Pilgrim                                                              Signature Date
Sole Public Arbitrator


Awards are rendered by independent arbitrators who are chosen by the parties to issue final, binding decisions. FINRA makes available an arbitration forum—pursuant to rules approved by the SEC—but has no part in deciding the award.


June 17, 2021
Date of Service (For FINRA Dispute Resolution Services use only)

# EXHIBIT "B"



September 2, 2021

Alexander Sirkman
Warren Law Group
112 W. 34th Street, 17th Floor
New York, NY 10120

**VIA EMAIL**

Re: ROBERT ROTUNNO, CRD# 4025263
    FINRA Arbitration Case #: 20-02119
    Robert Nicholas Rotunno vs. Laidlaw & Company (UK) Ltd.

Dear Alexander:

FINRA has reviewed, and determined to grant, your request for a waiver of the obligation under FINRA Rule 2080 to name FINRA as a party in any action to confirm the award issued in the above-captioned proceeding. The award directs the expungement of customer dispute information from the Central Registration Depository (CRD®) system. FINRA notes that the arbitration award reflects compliance with FINRA's Code of Arbitration Procedure for Customer Disputes § 12805 or Code of Arbitration Procedure for Industry Disputes § 13805. In addition, it includes an affirmative finding that the expungement directive is based on one or more standards enumerated in FINRA Rule 2080. Specifically, the expungement directive is based on one or more of the following affirmative arbitral finding(s):

- ☑ the claim, allegation, or information is factually impossible or clearly erroneous
- ☑ the above-named individual was not involved in the alleged investment-related sales practice violation, forgery, theft, misappropriation, or conversion of funds
- ☑ the claim, allegation, or information is false

Therefore, you are not required to name FINRA as a party in the judicial proceeding to confirm the arbitration award.  If, however, you do name FINRA as a party, this waiver does not serve as a waiver of FINRA's appearance in the court proceeding and you must serve FINRA with process and notice of all court filings.

If you have any questions, please contact me at 240-386-4788.

Sincerely,

*Karen Weinstein*

Karen Weinstein, Analyst
Credentialing, Registration, Education and Disclosure
Operations Policy Implementation

Investor protection. Market integrity.

9509 Key West Avenue   t 240 386 4000
Rockville, MD           www.finra.org
20850-3329