UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ROBERT NICHOLAS ROTUNNO,

                              Petitioner,

        v.

LAIDLAW & COMPANY (UK) LTD,

                              Respondent.

21-CV-7521 (RA)

MEMORANDUM
OPINION & ORDER

---

RONNIE ABRAMS, United States District Judge:

    Petitioner seeks confirmation of an arbitration award entered in his favor by an arbitrator for the Financial Industry Regulatory Authority ("FINRA"). Respondent, Petitioner's former employer, does not oppose the Petition. For the reasons set forth below, the Petition is granted.

## BACKGROUND

    Petitioner Robert Nicholas Rotunno was formerly employed as a broker by Respondent Laidlaw & Company (UK), which is named in this action solely as a nominal respondent. *See* Dkt. 1 ("Pet.") ¶ 4. In July 2020, Petitioner commenced a FINRA arbitration proceeding by filing a Statement of Claim against Respondent, seeking expungement of certain customer dispute information from his record in the Central Registration Depository ("CRD") system pursuant to FINRA Rule 2080. *Id.* ¶ 7. Petitioner specifically sought expungement of all references to occurrence numbers 1401393, 1444983, 1595520, 1692591, 1889483, 2037414, 1929252, 1933055, 2010578, 1678699 (collectively, the "Occurrences") from his CRD record. *Id.* These Occurrences concern allegations of unauthorized trading and unauthorized use of margin, inappropriate commissions and fee activity, unsuitability, misrepresentation, omission, breach of contract and breach of fiduciary duty. *Id.* ¶ 9. On October 6, 2020, Respondent filed a Statement of Answer, in which it did not contest Petitioner's expungement request. *See* Pet. Ex. A at 1.

On May 25 and May 26, 2021, a FINRA arbitrator (the "Arbitrator") held a hearing on Petitioner's request for expungement, during which the parties were invited to present oral argument and evidence on Petitioner's claim. *Id.* at 2. The various customers involved in the Occurrences were also served with the Statement of Claim and provided notice of the hearing. *Id.* Neither Respondent nor any of the customers participated in the hearing. *Id.* After considering "the pleadings; [Petitioner]'s testimony; [Petitioner]'s BrokerCheck® Report; settlement agreements; and [] exhibits," the Arbitrator decided in favor of Petitioner and recommended expungement of the Occurrences from Petitioner's CRD record. *See id.* at 3.

Petitioner then sought permission from FINRA to waive FINRA's requirement, set forth in Rule 2080, that FINRA be named as a party to all petitions seeking judicial confirmation of arbitration awards containing expungement relief. FINRA granted this request on September 2, 2021. *See* Pet. Ex. B. On September 8, 2021, Petitioner filed the instant petition, seeking an order confirming the arbitration award pursuant to 9 U.S.C. § 9. Pet. ¶ 15. On September 14, 2021, the Court ordered Petitioner to file and serve any additional materials in support of his petition for confirmation by October 1, 2021; Respondent to file its opposition, if any, by November 5, 2021; and Petitioner to file his reply, if any, by November 19, 2021. Dkt. 3. Although Respondent was served with the Petition on September 21, 2021, *see* Dkt. 4, it did not file opposition papers or otherwise appear in this case.

**STANDARD OF REVIEW**

"[A]rbitration awards are not self-enforcing"; instead, "they must be given force and effect by being converted to judicial orders by courts." *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 104 (2d Cir. 2006) (alterations omitted). The Federal Arbitration Act ("FAA") governs confirmation of an award that is rendered in a FINRA arbitration. *Dishner v. Zachs*, No. 16 Civ. 4191, 2016

WL 7338418, at *1 (S.D.N.Y. Dec. 19, 2016).  Under the FAA, any party to an arbitration proceeding may apply for a judicial decree confirming the award, which a court must grant unless the award is vacated, modified, or corrected.  9 U.S.C. § 9.  In most cases, "confirmation of an arbitration award is a summary proceeding that merely makes what is already a final arbitration award a judgment of the court."  *D.H. Blair*, 462 F.3d at 110.

"[A] district court should treat an unanswered . . . petition to confirm/vacate [an arbitration award] as an unopposed motion for summary judgment."  *Id*.  Summary judgment is appropriate where the movant shows "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  "The same standard applies to unopposed motions for summary judgment."  *Trs. for the Mason Tenders Dist. Council Welfare Fund v. TNS Mgmt. Servs., Inc.*, No. 16-CV-1120 (AJN), 2016 WL 6208559, at *2 (S.D.N.Y. Oct. 20, 2016).  Thus, even "where the non-moving party 'chooses the perilous path of failing to submit a response to a summary judgment motion, the district court may not grant the motion without first examining the moving party's submission to determine if it has met its burden of demonstrating that no material issue of fact remains for trial.'"  *Vt. Teddy Bear Co. v. 1-800 Beargram Co.*, 373 F.3d 241, 244 (2d Cir. 2004) (quoting *Amaker v. Foley*, 274 F.3d 677, 681 (2d Cir. 2001)).

## DISCUSSION

The Court finds that summary judgment is appropriate here because Petitioner has demonstrated that there is no material issue of fact in dispute.

As an initial matter, Respondent has not challenged any of the material facts upon which the Petition is based and did not contest Petitioner's claim for expungement at the arbitration hearing.  "In recommending expungement," the Arbitrator "relied upon . . . the pleadings, the testimony and evidence presented at the expungement hearing."  Pet. Ex. A at 3.  This included

the settlement agreements resulting from the Occurrences, which the Arbitrator noted "were not conditioned on any party to the settlements not opposing the expungement request." *Id.* at 2-3. The Arbitrator's award emphasized that her recommendation of expungement was based on "the unrefuted testimony of [Petitioner]" and found, with respect to each of the Occurrences, that the "claim, allegation, or information" was false, not applicable, factually impossible or clearly erroneous. *See id.* at 3-10.

The record provides an ample basis for the award, as does the Arbitrator's explanation for her recommendation of expungement. *See Manor House Capital, LLC v. Pritsker*, No. 14 Civ. 7922(GBD), 2015 WL 273684, at *3 (S.D.N.Y. Jan. 15, 2015) (confirming arbitration award recommending expungement of a petitioner's CRD record because it provided a "colorable justification for the outcome reached"). And the Court has no basis to infer that the Arbitrator acted outside the scope of her authority in issuing the award. Accordingly, the undisputed evidence demonstrates that "no material issue of fact remains for trial," and Petitioner has therefore met his burden to establish that the award must be confirmed. *D.H. Blair & Co., Inc.*, 462 F.3d at 110.

## CONCLUSION

For the foregoing reasons, Petitioner's motion to confirm the arbitration award is granted. All references to the Occurrences shall be expunged from the CRD record of Robert Nicholas Rotunno. The Clerk of Court is respectfully directed to terminate all pending motions and close this case.

SO ORDERED.

Dated:   November 19, 2021
         New York, New York

Ronnie Abrams
United States District Judge

4